# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **STEPHEN DENU**, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| **PROFESSIONAL ACCOUNT** ) | **COMPLAINT AND DEMAND FOR** |
| **SERVICES, INC.,** ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |
| ) | |

## COMPLAINT

STEPHEN DENU ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROFESSIONAL ACCOUNT SERVICES. ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Corsicana, Texas.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Defendant is a national debt collection company with its corporate headquarters located at 7100 Commerce Way, Ste. 100, Brentwood, TN 37027.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    At all relevant times herein, Defendant was attempting to collect a debt and contacted Plaintiff in its attempts to collect that debt.

11.    The debt at issue arose out of transactions that were incurred

2

primarily for personal, family, or household purposes.

12.     Plaintiff does not have any business or commercial debts.

13.     Within the one year period preceding the filing of this complaint and continuing through April 2017, Defendant placed repeated harassing telephone calls to Plaintiff seeking to collect an alleged debt.

14.     Defendant's harassing debt collection calls derived from numbers including, but not limited to (615) 465-3998.  The undersigned has confirmed that this number belongs to the Defendant.

15.     Plaintiff repeatedly told Defendant to stop calling.

16.     However, Defendant ignored Plaintiff's request and continued to call.

17.     Once Defendant knew that its calls were unwanted any continued calls could only have been placed for the purpose of harassing Plaintiff.

18.     These calls were particularly frustrating to Plaintiff as he drives a truck for work and these calls were disruptive to his work.

19.     After Plaintiff's requests to stop calling were ignored by Defendant, Plaintiff took measures to stop their calls by downloading a blocking application to his cellular telephone.

PLAINTIFF'S COMPLAINT

## COUNT I
## <u>DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA</u>

20.    A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21.    A debt collector violates § 1692d(5) of the FDCPA  by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22.    Here, Defendant violated §1692d and §1692d(5) of the FDCPA when it placing repeated and continuous harassing telephone calls to Plaintiff's cellular telephone knowing that its calls were unwanted.

WHEREFORE, Plaintiff, STEPHEN DENU, respectfully prays for a judgment as follows:

a.    All   actual   damages   suffered   pursuant   to   15   U.S.C. §1692k(a)(1);

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STEPHEN DENU, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:  August 7, 2017          By:  */s/ Amy Lynn Bennecoff Ginsburg*
AMY LYNN BENNECOFF GINSBURG
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT